In re Sheldon BOND, Debtor.

Vicki A. Dempsey, Appellant,

v.

United States Bankruptcy
Court, Appellee.

No. 99–3146.

United States District Court,
C.D. Illinois,
Springfield Division.

June 29, 2000.

Vicki A. Dempsey, Hannibal, MO, for plaintiff.

D. Phillip Anderson, Peoria, IL, for defendant.

## OPINION

RICHARD MILLS, District Judge.

The old judge had a picture, prominently displayed, of an English barrister flourishing an oyster on a fork as two countrymen, holding the shells, looked on agape. Underneath was the couplet:

*A pearly shell for you and me;*

*The oyster is the lawyer's fee.*

HARVEY O'CONNOR, MELLON'S MILLIONS, THE BIOGRAPHY OF A FORTUNE 8 (New York: The John Day Company) (1933).

After the bankruptcy court denied her request for additional attorney's fees, Vicky A. Dempsey felt more like the two English countrymen than the English barrister, and thus, she appealed the bankruptcy court's decision to this Court.

However, because Dempsey failed to establish that the bankruptcy court's findings of fact were "clearly erroneous" or that it "abused its discretion" in denying her requests for additional attorney's fees, her appeal to this Court is denied.

## I. BACKGROUND

The procedural history of this case[1] is lengthy but not particularly arduous. On February 16, 1999, attorney Vicki A. Dempsey[2] filed motions for additional attorney's fees with the bankruptcy court in five separate cases.[3] On March 31, 1999, the bankruptcy court held a hearing in each of the five cases. On May 7, 1999, the bankruptcy court issued four separate orders allowing in part and denying in part Dempsey's motions for additional attorney's fees. Specifically, the bankruptcy court allowed Dempsey's requests for additional fees up to $1,000.00 but denied her requests for the amounts exceeding $1,000.00 as being unreasonable. In the

fifth case, the bankruptcy court allowed Dempsey's request for additional fees (which was for less than $1,000.00) *in toto*.

Finding these rulings unacceptable, Dempsey appealed the bankruptcy court's rulings regarding her attorney's fees in each of the four cases to this Court.[4] On December 8, 1999, this Court remanded the four cases back to the bankruptcy court for an elaboration and a more detailed explanation as to why that court denied Dempsey's motion for approval of additional fees. On April 20, 2000, Dempsey filed a motion to re-open her appeal in the consolidated case because the bankruptcy court had not taken any action in the cases upon remand.

However, on April 27, 2000, the bankruptcy court issued an order in each of the four remanded cases which again denied Dempsey's request for attorney's fees in excess of that previously awarded by the bankruptcy court. Because Dempsey's motion to re-open her appeals was premised upon the fact that the bankruptcy court had not taken any action upon remand from this Court and because the bankruptcy court had subsequently taken action, the Court denied Dempsey's motion as moot and instructed her to file a new motion to re-open her appeals if she continued to disagree with the bankruptcy court's decisions. The Court also instructed her that if she decided to file a second motion to re-open her appeals, she must either show that the bankruptcy court's findings of fact were clearly erroneous or that its conclusions of law were legally incorrect. *In re A–1 Paving and Contracting, Inc.*, 116 F.3d 242, 243 (7th Cir. 1997); *In re Marrs–Winn Co., Inc.*, 103 F.3d 584, 589 (7th Cir.1996).

1. "This case" is actually four cases which this Court consolidated for briefing purposes.

2. Dempsey is the Debtor's attorney.

3. Although the motion for approval of additional attorney's fees in case number 99–3145 was actually filed by Dempsey's law partner,

Marcia Moellring, the Court will simply refer to Dempsey throughout this Order for ease of reference unless otherwise noted.

4. Dempsey did not appeal from the bankruptcy court's order which allowed her request for additional attorney's fees *in toto*.

On May 11, 2000, Dempsey filed a second motion to re-open her appeals. This motion is now ripe for adjudication.[5]

Although the foregoing events constitute the direct history of this consolidated appeal, this case actually began when Dempsey filed *In re Kindhart*[6] with this Court which itself was a consolidated appeal of three cases from the bankruptcy court's denial of her motions for additional attorney's fees. As it did in this case, this Court remanded the consolidated cases in *Kindhart* to the bankruptcy court for an elaboration of its reasons for denying Dempsey's motions for additional attorney's fees. Thereafter, the bankruptcy court issued orders further explaining its reasons for denying Dempsey's motions for additional attorney's fees. Dempsey moved to re-open her appeals, and this Court denied her motion.

Dempsey then filed an appeal with the United States Court of Appeals for the Seventh Circuit. The Seventh Circuit agreed with Dempsey that the $800.00 base which the bankruptcy courts in the Central District of Illinois employed as being a presumptively reasonable amount of attorney's fees in Chapter 13 cases was outmoded and arbitrary. *In re Kindhart*, 160 F.3d 1176, 1178 (7th Cir.1998). Accordingly, the Seventh Circuit remanded the case to this Court "for a determination in order for the bankruptcy and district judges to reexamine the bankruptcy fee process, and then to make such adjustments in the fees at issue as is deemed reasonable and fair." *Id.* at 1179.

After conferring with the other district judges and the bankruptcy judges in this district, the Court issued its report as directed by the Seventh Circuit.[7] *Id.*

Therein, this Court advised the Seventh Circuit that the attorney's fee review level in Chapter 13 cases had been raised from $800.00 to $1,000.00 and that that amount would be reviewed every 24 months thereafter by the district judges to consider any necessary adjustments. *In re Kindhart*, 167 F.3d 1158, 1159 (7th Cir.1999). Finally, this Court ordered that Dempsey receive the full amount of the attorney's fees which she originally sought in each of the three consolidated cases. *Id.*

This procedural history brings the Court full circle to the instant motion. Although she is not so brazen as to characterize her arguments as such, Dempsey's arguments in the above-captioned case are threefold. *First*, given her victory in *Kindhart*, she now has *carte blanche* to charge whatever amount in attorney's fees she wants. *Second*, Chief United States Bankruptcy Judge William V. Altenberger is the only bankruptcy judge in the Central District of Illinois with enough sense to know what an attorney's fees should be for handling a Chapter 13 case, and therefore, this Court and the United States District Court for the Central District of Illinois should adopt Judge Altenberger's Chapter 13 attorney's fee schedule. *Third*, the bankruptcy court continues to use $1,000.00 as a cap rather than as a presumptive base of reasonableness in determining attorney's fees in Chapter 13 cases.

## II. ANALYSIS

■ As the Court has previously explained, bankruptcy rule 8013 provides that "[f]indings of fact, whether based upon oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the op-

---

5. The United States Trustee did not file a response to Dempsey's motion to re-open her appeal, disregarding the Seventh Circuit's suggestion that "[i]t could be helpful in future cases of possible general bankruptcy interest where there is no opposing counsel if the Trustee would consider intervening, at least as a friend of the court." *In re Kindhart,* 160 F.3d 1176, 1179 (7th Cir.1998).

6. Central District of Illinois case number 97–3311.

7. The report which this Court issued to the Seventh Circuit has been attached to this Opinion as "Appendix A."

portunity of the bankruptcy court to judge the credibility of the witnesses." *Id.* Thus, this Court reviews the bankruptcy court's findings of fact for clear error. *In re A–1 Paving,* 116 F.3d at 243; *In re Marrs–Winn Co.,* 103 F.3d at 589. It reviews the bankruptcy court's conclusions of law *de novo. Id.*

 The bankruptcy court has wide discretion in making fee determinations. *In re Wildman,* 72 B.R. 700, 705 (Bankr. N.D.Ill.1987). The reasonableness of an attorney's fees is a factual determination to be made on a case by case basis. *In re Day,* 213 B.R. 145, 150 (C.D.Ill.1997). "The standard of review on appeal of a fee award by a bankruptcy court is whether the bankruptcy judge has abused discretion." *Id.,* citing *In re United States Golf Corp.,* 639 F.2d 1197 (5th Cir.1981). In assessing the reasonableness of a requested fee, courts generally utilize the "lodestar" approach, although this approach is merely analogous to § 330 of the Bankruptcy Reform Act. *In re Taxman Clothing Co.,* 49 F.3d 310, 315–16 (7th Cir.1995), citing *In re UNR Indus., Inc.,* 986 F.2d 207, 209–10 (7th Cir.1993).

 Based upon the record before it, the Court cannot say that the bankruptcy court abused its discretion in denying Dempsey's motions for additional attorney's fees. But the Court digresses here for a moment to note that had the bankruptcy court specified which expenditures of time on Dempsey's time sheets it believed were unreasonable or excessive as directed by the Court, this motion would

have been much simpler to resolve.[8] In its Order remanding this matter to the bankruptcy court, this Court opined:

> Although the bankruptcy court held that the cases were simple and straightforward and that Dempsey is an experienced bankruptcy attorney, that court did not specify which entries on her time sheets were unreasonable. For example, the Court is unable to discern from the bankruptcy court's order whether that court believed that the amount of time which Dempsey spent consulting with her clients was unreasonable and excessive, whether the amount of time she spent drafting and reading letters was unreasonable and excessive, etc. Without such specificity, this Court cannot meaningfully review the bankruptcy court's decision.

Had the bankruptcy court made a factual finding such as "preparation of the fee schedules should only take one hour as opposed to the one and a half hours claimed by Dempsey", Dempsey would have been hard pressed to argue that the bankruptcy court abused its discretion in making such a finding.

 This task was not onerous in the least. In fact, this Court routinely makes such a factual finding when ruling upon motions for attorney's fees under 42 U.S.C. § 1988 and when ruling upon motions for attorney's fees in excess of the statutory maximum amount provided by the Criminal Justice Act. 18 U.S.C. § 3006A(d). If a court is going to determine that a time sheet is unreasonable, it

---

8. The Court is puzzled as to why if the bankruptcy court believed that Dempsey's requests for additional attorney's fees were unreasonable and excessive under the circumstances involved in these cases, it, nevertheless, allowed her motions up to $1,000.00. If Dempsey's requests for additional attorney's fees were truly unreasonable and excessive, it stands to reason that her requests should have been denied *in toto* despite the $1,000.00 presumptive threshold of reasonableness for Chapter 13 attorney's fees. Perhaps the bankruptcy court believed that Dempsey's requests for fees were reasonable up to $1,000.00 independent of the threshold amount, or perhaps the amount of time which the bankruptcy court believed was reasonable miraculously totaled $1,000.00. Without the specificity requested by this Court from the bankruptcy court as to which of Dempsey's expenditures of time were unreasonable and excessive, however, the Court cannot make such a determination, and it leaves one with the impression that the bankruptcy court inappropriately treated the $1,000.00 amount as a cap on attorney's fees in Chapter 13 cases rather than a presumptive threshold of reasonableness.

stands to reason that the court should specify what portion(s) of the time sheet it deems to be unreasonable and why.

But the bankruptcy court "side-stepped" the directions of this Court, choosing rather to rely again upon its general conclusions that Dempsey's requests were unreasonable in light of the simplicity of the cases and her failure to present evidence to the contrary.[9] In so doing, the bankruptcy court made this Court's task more difficult than it should have been.

Nevertheless, the bankruptcy court did make some factual findings in support of its denial of Dempsey's motions for additional attorney's fees, and the Court does not believe that these factual findings are clearly erroneous or that the bankruptcy court abused its discretion making these findings.

*First*, the bankruptcy court found that Dempsey had failed to meet her burden of establishing the reasonableness of her requested hourly fee and the reasonableness of the amount of time expended in each case. The bankruptcy court is correct that the burden of proving the reasonableness of attorney's fees is upon the applicant. *In re Kenneth Leventhal & Co.*, 19 F.3d 1174, 1177 (7th Cir.1994); *In re Price*, 143 B.R. 190, 192 (Bankr.N.D.Ill. 1992). Moreover, the Court acknowledges that it would have been more prudent for

Dempsey to have presented evidence in the form of live testimony or affidavits from other practitioners in the area to substantiate that the $110.00 per hour fee she requested was reasonable. But given the fact that the bankruptcy court, this Court, and the Seventh Circuit have at least impliedly approved of her $110.00 per hour rate, the Court finds that the bankruptcy court abused its discretion in not accepting Dempsey's $110.00 per hour rate.[10] As the Seventh Circuit has explained:

> section 330 of the Bankruptcy Reform Act of 1978 requires lawyers in bankruptcy matters to receive the same compensation as they would earn in performing similar services outside the context of bankruptcy. Outside bankruptcy, business lawyers charge their clients at an hourly rate and there is no evidence that they often receive an enhancement for quality.

*In re UNR, Indus. Inc.*, 986 F.2d 207, 210 (7th Cir.1993).

However, the Court does not believe that the bankruptcy court abused its discretion in determining that Dempsey failed to meet her burden of establishing the reasonableness of the time which she claimed she expended in each case. As the Court stated *supra*, bankruptcy courts have wide discretion in making fee deter-

---

9. In its order on remand, the bankruptcy court opined that it was not attempting to "side-step" this Court's direction on remand, but because Dempsey had not presented any evidence of reasonableness, it did not believe that she had successfully shifted the burden to it to prove that her requested fees were unreasonable. In fact, the bankruptcy court posited in its order: "[s]urely the District Court can appreciate the dilemma presented to the Bankruptcy Court." However, in remanding this case, the Court did not engage in any burden shifting; at all times this Court acknowledged that the burden of proving the reasonableness of her fees rested with Dempsey. Contrary to the bankruptcy court's implication, this Court did not place the burden of proving unreasonableness upon it; rather, the Court merely gave specific instructions to the bankruptcy court to state what portion(s)

of Dempsey's time sheet(s) it believed to be unreasonable and/or excessive. In this Court's opinion, all that was required of the bankruptcy court on remand was for it to point to the specific entries on Dempsey's time sheets, to find that the amount of time expended on the noted entries was unreasonable and/or excessive for whatever reason, and then to find that Dempsey had failed to present any evidence to the contrary. Although direct and clear, the bankruptcy court ignored this Court's instructions on remand.

10. The bankruptcy court contends that it accepted Dempsey's $110.00 per hour rate in the *Kindhart* case merely for judicial economy sake. Regardless of the reason, however, the rate which Dempsey sought was approved by the three courts which reviewed her request.

minations and must make this determination on a case by case basis. *In re Day,* 213 B.R. at 150. In addition, bankruptcy courts have a duty to independently examine the reasonableness of the attorney's fees requested. *Id.; In re Wyslak,* 94 B.R. 540, 541 (Bankr.N.D.Ill.1988). "This burden is not to be taken lightly, especially given that every dollar expended on legal fees results in a dollar less that is available for distribution to the creditors or use by debtor." *In re Pettibone Corp.,* 74 B.R. 293, 299 (Bankr.N.D.Ill.1987), citing *In re Hotel Assocs., Inc.,* 15 B.R. 487, 488 (Bankr.E.D.Pa.1981). The lack of an objection by the trustee, a debtor, or a creditor to an attorney's request for fees does not prohibit the bankruptcy court from limiting the fees sought. *In re Lee,* 209 B.R. 708, 710 (Bankr.N.D.Ill.1997); *Price,* 143 B.R. at 192.

In the instant case, although the bankruptcy court afforded Dempsey a hearing to establish the reasonableness of her requested fees, she failed to present any evidence of reasonableness. In fact, Dempsey did not even appear at these hearings. Rather, Moellring appeared in her stead, and she chose to rely exclusively upon the motions and the attachments thereto in support of Dempsey's requests for additional attorney's fees. At the hearing in the *Hatfield* case, the following colloquy occurred between the bankruptcy court and Moellring:

> THE COURT: Okay, we'll look it over. I take it in all these, you're just going to go on what your affidavit says, right?
>
> MS. MOELLRING: Yes, Judge.

■■■ Reasonable time spent does not necessarily include all time actually expended. *In re Chas. A. Stevens & Co.,* 105 B.R. 866, 870–71 (Bankr.N.D.Ill.1989). While Dempsey may rely upon her time sheets as evidence of the time she actually worked on a particular case, she may not simply rely upon her time sheets as evi-

dence of the reasonableness of the time which she expended. Thus, the Court cannot say that the bankruptcy court abused its discretion in finding that Dempsey failed to satisfy her burden of establishing the reasonableness of her additional attorney's fees requests given the lack of evidence presented by her.

■■■ *Second,* all of the work for which Dempsey seeks additional compensation was performed by an attorney, *i.e.,* either by Dempsey herself or by Moellring, and was billed at the requested rate of $110.00 per hour. However,

> non-legal work performed by a lawyer which could have been performed by less costly non-legal employees should command a lesser rate. *Jensen–Farley,* 47 B.R. at 583. The Bankruptcy Code encourages the use of paralegals by law firms. 11 U.S.C. § 330(a)(1); *In re Liberal Market, Inc.,* 24 B.R. 653, 658 (Bankr.S.D.Ohio 1982) .... [A]ttorneys should not be awarded their standard hourly rates for performing such routine tasks as proofreading and cite-checking. These activities are compensable at lower, non-legal rates no matter who does them. *See In re Jensen–Farley Pictures, Inc.,* 47 B.R. 557, 583 (Bankr. D.Utah 1985).

*Wildman,* 72 B.R. at 710 & 717; *see In re Taylor,* 100 B.R. 42, 44 (Bankr.D.Colo.1989)(noting that "[a]ttorneys and paralegals are to perform work that is at their appropriate level of skill."); *see also In re Gary Fairbanks, Inc.,* 111 B.R. 809, 811 (Bankr.N.D.Iowa 1990) (holding that "before the attorney for the trustee can be compensated, the court must determine which services performed were truly legal in nature, and which were actually the ministerial duties of the trustee."). Dempsey did not differentiate on her time sheets between legal work and non-legal work, nor did she adjust the hour rate sought accordingly.[11] Based

---

11. Dempsey argues that given her "modest" hourly fee, the Court should allow her to bill

for all of the work which she performed without categorizing the work as legal and non-

upon her failure to do so, the bankruptcy court made a factual finding that Dempsey's motions for additional attorney's fees were not reasonable and that she had failed to meet her burden of proving otherwise.

Accordingly, the Court cannot say that the bankruptcy court abused its discretion in concluding that Dempsey failed to satisfy her burden of establishing the reasonableness of the time which she expended in litigating these Chapter 13 cases. Granted, Dempsey's task was made slightly more difficult by the bankruptcy court's refusal to specify which expenditures of time were unreasonable or excessive, but because Dempsey has made no attempt whatsoever at establishing that the bankruptcy court abused its discretion and because she did not differentiate between legal and non-legal work, the Court is loathe to reverse the bankruptcy court's findings of fact.

■■■ *Third*, "[i]n determining the amount of compensation to be awarded, the Court will consider 1) whether the tasks were performed within a reasonable number of hours, and 2) whether the requested hourly rate is reasonable." *In re Wiedau's, Inc.*, 78 B.R. 904, 909 (Bankr. S.D.Ill.1987). In determining the reasonableness of the amount of hours worked, bankruptcy courts consider:

1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill necessary to perform the legal service properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee for similar work in the community; 6) time limitations imposed by the client or the circumstances; 7) the experience, reputation and ability of the attorney; 8) the "undesirability" of the case; 9) the nature and length of the professional relationship with the client; and 10) awards in similar cases.

*Id.*, citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974); *Wildman*, 72 B.R. at 712.

In the case *sub judice*, the bankruptcy court made findings of fact applying the *Johnson* factors. Specifically, the bankruptcy court found: (1) that these cases did not present any novel or difficult questions, (2) that Dempsey was not precluded from obtaining other more lucrative employment, (3) that there were not any special time limits imposed upon Dempsey by her clients or the circumstances, (4) that Dempsey is an experienced bankruptcy attorney, (5) that no factors made these cases particularly "undesirable", and (6) that there was nothing unusual about the nature or the length of Dempsey's relationship with her clients. Dempsey has presented no evidence to this Court with which to convince it that the bankruptcy court abused its discretion in making these findings, nor has she presented any evidence establishing that the bankruptcy court's findings were clearly erroneous. Therefore, the Court cannot say that the bankruptcy court abused its discretion in denying Dempsey's motions for additional attorney's fees.

## III. CONCLUSION

In conclusion, just because Dempsey "won" her appeal in *Kindhart*, neither this Court—nor the bankruptcy court—is re-

---

legal, with all of the work being billed at the same hourly rate. Dempsey contends that had she categorized her work, she would have been entitled to receive a greater amount in attorney's fees because she would have billed the legal work at a higher hourly rate. However, the Court is unwilling to allow Dempsey to manipulate her time sheets to arrive at an amount of attorney's fees which she deems to be appropriate. If Dempsey believed that she was entitled to bill at a higher hourly rate, then she should have sought a higher rate

from the bankruptcy court and should have offered evidence to support her claim. Dempsey sought an hourly rate of $110.00 which this Court approved, but she improperly billed all of her time without distinguishing between legal and non-legal work. In short, the Court will not accept Dempsey's argument that billing at a lower hourly rate for all of the work which she performed, both legal and non-legal, is the equivalent of billing legal work at a higher hourly rate and non-legal work at a lower hourly rate.

quired to forever hereafter rubber stamp her requests for additional attorney's fees. Moreover, while Judge Altenberger's fee schedule may or may not be a valid approach to resolving motions for additional attorney's fees in Chapter 13 cases, this case is not the proper vehicle for imposing any particular judge's fee schedule upon the rest of the bankruptcy courts in this district.

As for Dempsey's remaining arguments, the Court finds that she did not meet her burden of proving that the time which she expended on each case as set forth in her time sheets was reasonable and finds that the bankruptcy court did not abuse its discretion in so holding.

Finally, both Dempsey and the bankruptcy court have asked this Court for some direction for future cases. In the future, the Court would suggest to Dempsey that she present evidence to the bankruptcy court of the reasonableness of the time which she expended working on Chapter 13 cases and the reasonableness of her requested hourly rate. Moreover, the Court would suggest to the bankruptcy court that if it is going to deny an attorney's motion for additional fees as being unreasonable, it should specify what specific expenditures of time it deems to be unreasonable or excessive.

*Ergo*, Appellant's Motion to Re-Open Appeal is DENIED.

## APPENDIX A

In re Robert B. WHELAN, Mary J. Whelan, Tim J. Kremer, Diana L. Kremer, and Waldo K. Kindhart.

Vicki A. Dempsey, Appellant,

v.

United States Bankruptcy Court, Appellee.

Nos. 97–3311, 97–3312, 97–3313, 98–2184

United States District Court,
C.D. Illinois,
Springfield Division.

Dec. 22, 1998.

*ORDER*

Richard Mills, District Judge

This cause is before the Court on remand from the United States Court of Appeals for the Seventh Circuit.

The United States Court of Appeals for the Seventh Circuit has remanded the above-captioned case "in order for the bankruptcy and district judges to reexamine the bankruptcy fee process, and then to make such adjustments in the fees at issue as is deemed reasonable and fair. The district court should then give appellant the benefit of any new adjustments." *In re Kindhart*, 160 F.3d 1176, 1178–79 (7th Cir.1998).

On December 17, 1998, the judges of the United States District Court for the Central District of Illinois met to discuss, among other items, adjusting the review level for attorney's fees in Chapter 13 bankruptcy cases. Following that meeting, the bankruptcy judges made two recommendations to the district judges. First, the bankruptcy judges recommended that the review level for attorney's fees in Chapter 13 cases be uniform throughout the district. Second, the bankruptcy judges recommended that the review level be immediately adjusted from $800.00 to $1,000.00 and that they consider revising that review level every 24 months thereafter. On December 22, 1998, the district judges adopted the bankruptcy judge's recommendations *in toto*, and therefore, this new policy regarding the review level for attorney's fees in Chapter 13 bankruptcy cases became effective in the Central District of Illinois on that date.[1]

In addition, regarding the instant case, the bankruptcy judges recommended at the judges' meeting that Ms. Dempsey re-

---

1. A copy of the bankruptcy judges' recommendations and the district judges' adoption of those recommendations is attached to this Order.

ceive the full amount of attorney's fees which she sought in all three consolidated cases. The district judges concurred in this recommendation.

*Ergo,* pursuant to the mandate issued by the United States Court of Appeals for the Seventh Circuit, the United States District Court for the Central District of Illinois considered and adopted the above-stated policy regarding the review level for attorney's fees in Chapter 13 bankruptcy cases. In addition, the Court hereby awards attorney Vicki A. Dempsey an additional $1,273.50 in attorney's fees. The Court stands ready to be of any further assistance and to provide any further information which the Court of Appeals may require in this matter or in any other matter regarding this case. The Clerk, of the Court is DIRECTED to forward a copy of this Order *via* mail and facsimile to the United States Court of Appeals for the Seventh Circuit.

### ORDER ADOPTING BANKRUPTCY COURT'S RECOMMENDATIONS

Pursuant to the mandate of the United States Court of Appeals for the Seventh Circuit in *In re Kindhart,* 160 F.3d 1176 (7th Cir.1998), the district judges of the United States District Court for the Central District of Illinois hereby adopt the following recommendations made by the bankruptcy judges of this district:

1. That Ms. Dempsey's fees be allowed as she requested in *In re Kindhart,* 160 F.3d 1176 (7th Cir.1998);

2. That the review level of attorney's fees in Chapter 13 cases be uniform throughout the district; and

3. That the review level be immediately raised to $1,000.00. The bankruptcy judges will consider revising the review level every two years hence and every two years thereafter.