**In re Robert A. PONTARELLI d/b/a Bald Hill Auto Body, Debtor.**

**No. 93–11484.**

United States Bankruptcy Court, D. Rhode Island.

June 20, 2000.

Jason D. Monzack, Kirshenbaum & Kirshenbaum, Cranston, RI, Chapter 7 Trustee.

Everett A. Petronio, Johnston, RI, for debtor.

### ORDER

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on remand from the District Court, of our fee award to Debtor's former counsel, the law office of Everett A. Petronio, Inc. (hereinafter "Petronio").[1]

This case, which was filed under Chapter 13 on June 3, 1993, and which was never seriously in prospect as a confirmable case, was converted to Chapter 7 on September 7, 1994. On May 11, 1994, when Petronio was authorized to withdraw as Debtor's counsel, this was a no asset case wherein Petronio's efforts had been directed almost exclusively to protecting the Debtor's residence, and while there is no doubt that a lot of time was expended in that endeavor, it was always the Debtor who was the potential recipient of the benefit of such services, had they produced any tangible result.[2]

---

1. The Applicant served as counsel from June 3, 1993 until May 11, 1994, when successor counsel, Russell Raskin, Esq., entered his appearance on behalf of the Debtor.

2. This case was all about saving the Debtor's house (unsecured creditors would have received only a *de minimus* dividend even in a confirmed, fully consummated plan), and it is for this reason that we will not require the Debtor's unsecured creditors to now pay attorneys' bills for services that were intended to benefit only Pontarelli.

In his application dated September 16, 1994, Petronio requested fees of $14,350, and on January 5, 1998, we issued a decision and order awarding fees of $3,000 and expenses of $370.68. *See* Order Determining Fees, Docket No. 216, Jan. 5, 1998. Petronio appealed said order and the district court remanded, stating:

> The test for determining whether a bankruptcy court's findings and conclusions are sufficiently detailed to pass muster is whether they permit the reviewing court to ascertain whether the bankruptcy court's order rests on a clearly erroneous perception of the facts or on a misapprehension of the law.... In the context of decisions regarding attorneys' fees, it is sufficient if the order is "specific enough to allow meaningful review ..." The order need not exhaustively discuss all of the factors customarily considered in making such an award. Nor is the court required to provide a detailed accounting of the calculation on which the award is based. All that is required is a clear indication that the court adequately considered and reasonably applied those factors that are relevant to the case under consideration....

> Here, the Bankruptcy Court's order satisfies those requirements. The order indicates that the Bankruptcy Judge utilized the lodestar approach and considered the factors set forth in *Johnson v. Georgia Highway Express*.... It also explains why the bankruptcy judge departed downward from the lodestar amount (lack of benefit to the estate). Finally, the order enumerates what the Bankruptcy Judge found to be deficiencies in the application and the basis for the reduced award. Nothing more is required.

*In re Pontarelli,* C.A. No. 98–116T, slip op. at 6–7 (D.R.I. March 6, 2000) (citations omitted).

The district court also ruled, however, that because we did not hold a hearing[3] or otherwise provide an opportunity for Petronio to respond to the objections raised by the United States Trustee and to the Court's concerns about the application, *id.* at 7–10, our January 5, 1998, order should be vacated and the matter remanded for further proceedings, in compliance with Section 330.

■ As required, a hearing was held on Petronio's Fee Application on March 23, 2000. On March 21, 2000, two days before the scheduled hearing, Petronio amended his Fee Application "in an attempt to address the issues raised by the Court in the order of January 5, 1998." Petronio letter, dated March 21, 2000. In the amended application, Petronio requests $11,100 in fees and expenses.

At the hearing, we requested the Applicant to address our ongoing concern as to what benefit its services conferred upon the estate. The answer given, simply stated, is that when it became apparent that a Chapter 13 plan was not confirmable after our prior order determining the value of the Debtor's real estate, Petronio was successful in delaying the proceedings until the Debtor's house was destroyed by a fire (of suspicious origin).[4]

Upon conversion, the Chapter 7 Trustee assumed control of the case and fought long and hard against an understandably reluctant fire insurance carrier, to produce a 37.76% dividend for Pontarelli's creditors, and from this Court's vantage point

---

**3.** Section 330 provides in relevant part: After notice to the parties in interest and the United States Trustee *and a hearing* ... the court may award to a ... professional person employed under section 327 or 1103—
> (A) reasonable compensation for actual, necessary services rendered by the ... professional person ...; and

> (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330 (emphasis added).

**4.** The Debtor and his wife both have prior criminal convictions for insurance fraud.

Petronio's efforts had nothing to do with that result.

 In confirmed, and hopefully successful, Chapter 13 cases it is this Court's current practice to award fees to debtor's counsel in the neighborhood of $1,900.

After review of our original order awarding fees, particularly in light of the applicant's response to our question regarding benefit, giving applicant the benefit of many doubts, *and* after hearing, a change of our ruling entered on January 5, 1998, is not warranted. Accordingly, compensation is allowed *from the estate*[5] in the amount of $3,000 plus expenses of $370.68.[6]

With regard to Petronio's Amended Fee Application, we appreciate his recent offer of assistance, but it provides no help with the real issue, i.e., benefit to the estate. Also, the new application suffers from the fact that time entries are being submitted almost seven years after the services were rendered. The first application should be more reliable as to the actual time expended, since it contains presumably contemporaneous time records. Finally, regarding the amended application, the district court noted in its remand order that "[n]either litigants, in general nor fee applicants, in particular, are entitled to multiple opportunities to present their arguments or to present the court with a 'moving target' by continually modifying their requests." *Pontarelli*, C.A. No. 98–116T, slip op. at 9.

Neither the Amended Application nor the arguments presented at the hearing provide any reason to change the original award. Our only reservation at this point, which we share with the United States Trustee, is that in retrospect it may be too high.[7]

5. Everett Petronio may very well be entitled to payment of his entire bill, *from Pontarelli.*

6. This amount includes all retainers previously paid.

Enter judgment consistent with this order.

7. By "too high," we mean too high for the estate. See footnotes, above.