In re: Martha **SANCHEZ**, Debtor.

Martha Sanchez, Appellant,

v.

Robert L. **Gordon**, dba Gordon and Associates, Appellee.

No. 99-56225.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 13, 2000

Filed March 5, 2001

Harold Shilberg, Law Offices of Harold Shilberg, San Diego, California, for the appellant.

Don E. Bokovoy, Weintraub & Bokovoy, San Diego, California, for the appellee.

Before: SCHROEDER, Chief Judge; NOONAN and W. FLETCHER, Circuit Judges.

SCHROEDER, Chief Judge:

The question before us in this bankruptcy appeal is whether a Chapter 7 debtor's attorney violated the automatic stay provision of 11 U.S.C. § 362 by collecting legal fees for post-petition services in an amount greater than the bankruptcy court later determined to be reasonable. We hold that where, as here, the attorney had no reason to know that the court would later hold that part of his fees were excessive, there was no violation.

This appeal represents another in a series of appeals over the ability of attorneys for Chapter 7 debtors to collect fees under deferred payment plans. We held in *In re: Biggar*, 110 F.3d 685 (9th Cir.1997), that fees for services rendered before a bankruptcy petition was filed, even though not due to be paid until after the filing was made, are nevertheless dischargeable in the bankruptcy as a pre-petition debt.

We then held in *In re: Hines*, 147 F.3d 1185 (9th Cir.1998), that the obligation to pay for post-petition legal services is not dischargeable. We held that the enforcement of debtors' fee obligations to their attorneys is necessary in order to ensure that legal services are provided to Chapter 7 debtors who are most in need of those services, characterizing our holding as "essentially a doctrine of necessity." *Id.* at 1191. We observed that the absence of a legally enforceable right to payment for post-petition legal services would lead to "a massive breakdown" of "the entire system." *Id.* We noted a possible alternative ground for reaching the same holding would be that a claim for post-petition legal services does not arise until the lawyer actually performs those services. *Id.*

In this case, debtor Martha Sanchez retained attorney Robert Gordon to file her voluntary petition for relief under 11 U.S.C. § 701. She agreed to pay Gordon a fee of $900, exclusive of the filing fee, to be paid in six monthly installments starting after the filing. The fee covered services rendered both prior to and after the filing of the petition. Gordon filed Sanchez' petition in October 1993. Sanchez received her discharge on February 1, 1994, and her case was closed later that month.

Sanchez made the following payments to Gordon, exclusive of the filing fee:

| | |
|---|---|
| October 20, 1993 | $150 |
| December 3, 1993 | 150 |
| December 23, 1993 | 150 |
| February 4, 1994 | 150 |
| March 2, 1994 | 100 |
| Total | $700 |

In April 1997, Sanchez moved to reopen her Chapter 7 case. The bankruptcy court granted her motion. She then filed a motion for contempt against Gordon, alleging that he violated the automatic stay by collecting $450 in fees between the filing of her petition and the grant of her discharge. She further alleged that Gordon violated the discharge injunction by collecting $250 after she received her discharge and by attempting to collect an additional $100 over the next three years.

Relying upon the decision of the Ninth Circuit Bankruptcy Appellate Panel ("BAP") in the *Hines* case, *In re Hines*, 198 B.R. 769 (B.A.P. 9th Cir.1996), the bankruptcy court issued an order in June 1998 finding that Gordon had violated the automatic stay. The following month, we reversed the BAP in *Hines*. 147 F.3d 1185. In response, the bankruptcy court filed a memorandum decision and entered a new order in this case. The bankruptcy court held that Gordon did not violate the automatic stay. However, the bankruptcy court found that the reasonable value of the post-petition services provided by Gordon was $450 and ordered Gordon to return to Sanchez the $250 collected in excess of this amount, plus interest.

The district court affirmed the order of the bankruptcy court. Sanchez appeals from the district court's order.

██ There is no question after *Hines* that a reasonable fee for post-petition ser-

vices is not a dischargeable debt and may be collected in the course of the bankruptcy without violating the automatic stay. *See Hines,* 147 F.3d at 1191. It logically follows that the collection of a fee the debtor's attorney knows to be unreasonable does violate the automatic stay. However, in this case, the attorney could not have known that the amount of fees actually collected would turn out to be more than the amount later determined by the bankruptcy court to be reasonable. The bankruptcy court made no such determination until after the fees were collected and, indeed, until after the debtor's discharge. The difference between the legal fees collected by the debtor's attorney for both pre and post-petition services and the amount later determined by the court to be reasonable for post-petition services amounted to only $250. The amount collected was the product of a good-faith estimate by the lawyer of the value of the services rendered. The difference was not enough to put a reasonable lawyer on notice that a court would later reduce the fee charged by any appreciable amount.

 Where the discrepancy between the fee charged and the fee later determined to be reasonable is great enough to indicate that the debtor's attorney knew the fee charged was unreasonable, sanctions might well be appropriate. In this case, however, we agree with the district court's conclusion that Gordon did not willfully violate the automatic stay of 11 U.S.C. § 362. Accordingly, Sanchez is not entitled to attorney's fees or punitive damages. 11 U.S.C. § 362(h).

Sanchez further argues that Gordon's position as both lawyer and creditor gives rise to a conflict of interest that bars Gordon from retaining any of the fees he received from her. An actual conflict of interest can justify a complete denial of compensation. *Woods v. City Nat'l Bank & Trust Co.,* 312 U.S. 262, 268, 61 S.Ct. 493, 85 L.Ed. 820 (1941) (denying compen-

sation to an attorney who represented parties with conflicting interests in a corporate reorganization). Sanchez directs our attention to *In re Martin,* 197 B.R. 120 (Bankr.D.Colo.1996), in which the bankruptcy court for Colorado invoked this principle to deny legal fees due to be paid under a deferred payment arrangement in a Chapter 7 bankruptcy case. *Martin* reasoned that upon the filing of the bankruptcy petition, a conflict arose between the lawyer as creditor and the client as debtor. *Id.* at 129. We are unaware of any case in another court that has followed *Martin's* reasoning.

In *Hines,* we held that a deferred payment arrangement gives the attorney an undischarged claim to reasonable compensation for post-petition services. 147 F.3d at 1191. *Martin* is inconsistent with the holding of *Hines* and with our concern for ensuring that legal services continue to be provided to Chapter 7 debtors. *See id.* at 1190-91. We therefore decline to find a conflict of interest that warrants the denial of all legal fees.

AFFIRMED.