JOHN M. WALKER, JR., Chief Judge.
 

 Appellant Flower, Medalie & Markowitz, Esqs. (“FMM”), a law firm that represented debtor-appellee John Fickling during his bankruptcy proceeding, seeks to recoup the fees it earned and expenses it incurred prior to the conversion of Fick-ling’s case from Chapter 11 to Chapter 7. Both the bankruptcy court and the district court concluded that such fees and expenses were properly discharged and therefore not recoverable from the debtor. We affirm.
 

 BACKGROUND
 

 On October 23, 1992, Fickling filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Eastern District of New York. At the time of that filing, Fickling was represented by FMM. He paid FMM a $38,000 retainer fee, but appears not to have entered into any other fee arrangement with the firm. On November 13, 1996, the bankruptcy court converted Fickling’s Chapter 11 case to a Chapter 7 case — despite Fickling’s objections to the conversion, which were made on his behalf by FMM.
 

 Thereafter, FMM sought to withdraw as counsel for Fickling because it did “not wish to incur further losses in the legal representation of the Debtor, as there is tremendous uncertainty whether [FMM] will ever be compensated for its time and
 
 *174
 
 effort .... ” The court granted FMM’s application on March 18,1997.
 

 On April 14, 1997, the bankruptcy court issued an order releasing Fickling from all dischargeable debts and enjoining any “creditors whose debts are discharged” from “engaging in any act to collect such debts as personal liabilities.” The order recited that the court had not received any objections to discharge.
 

 On March 16, 2001, FMM filed a motion against Fickling in his personal capacity (not against his estate) for the attorneys’ fees it earned and expenses it incurred prior to the conversion from Chapter 11 to Chapter 7, over and above the $38,000 retainer fee and certain paid expenses. FMM argued that the unpaid fees and expenses amounting to $120,095 constituted a non-dischargeable debt. Fickling filed an objection to the motion.
 

 The bankruptcy court denied FMM’s motion in its entirety on the ground that the debt owed to FMM by Fickling had been properly discharged pursuant to 11 U.S.C. § 727. On March 31, 2003, the United States District Court for the Eastern District of New York (Joanna Seybert, Judge) affirmed that ruling.
 

 DISCUSSION
 

 This appeal turns on whether the discharge provision of Chapter 7, 11 U.S.C. § 727, applies to fees earned and expenses incurred by a debtor’s attorney after the filing of a Chapter 11 petition but before the conversion of the Chapter 11 case to a Chapter 7 case. Section 727 of the Bankruptcy Code provides that a Chapter 7 debtor may be discharged from all debts, except for those specified in 11 U.S.C. § 523, “that arose before the date of the order for relief under this chapter ....” 11 U.S.C. § 727(b). While in the usual Chapter 7 case the “order for relief’ refers to the filing of the Chapter 7 petition,
 
 see
 
 11 U.S.C. § 301, in this case, where there has been a conversion, that language refers to the conversion of the case to a Chapter 7 case. 11 U.S.C. § 348(b). Reading §§ 727(b) and 348(b) together, then, all debts that arose after the filing of the Chapter 11 petition but before the conversion (except those listed in § 523) are treated as pre-petition debts, and are therefore dischargeable.
 

 Appellant does not dispute that its claim against Fickling arose prior to the conversion. Nor does it argue that claims for attorneys’ fees and expenses incurred after the filing of the Chapter 11 petition but prior to the conversion to Chapter 7 are exempt from discharge under § 523.
 
 [1]
 
 Nonetheless, FMM offers two reasons why this court should not apply the plain language of § 727(b) and § 348(b): (1) FMM’s debt is an “administrative expense” under 11 U.S.C. § 503(b) and therefore exempt from discharge pursuant to 11 U.S.C. § 348(d); and (2) to treat the debt as dischargeable under Chapter 7 would be to ignore the implications of 11 U.S.C. § 329, which gives the bankruptcy court the power to review claims for attorneys’ fees. FMM also argues that even if its claim was properly discharged pursuant to § 727(b), equity requires that the claim be revived. We consider each argument in turn.
 

 I. “Administrative Expense” Exemption
 

 FMM argues that even though its claim does not qualify for exemption from dis
 
 *175
 
 charge under the terms of § 727(b), the claim constitutes an “administrative expense” under § 503(b), and therefore is exempt from discharge pursuant to § 348(d). Section 348(d) provides:
 

 A claim against the estate or the debtor that arises after the order for relief but before conversion in a case that is converted [to a Chapter 7 case],
 
 other than a claim, specified in section 503(b) of this title,
 
 shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition.
 

 11 U.S.C. § 348(d) (emphasis added). The claims “specified in section 503(b)” are described as “administrative expenses,” and include certain claims for attorneys’ fees.
 
 See
 
 11 U.S.C. § 503(b)(2). FMM reads § 348(d) as exempting all pre-conversion
 
 [2]
 
 administrative expenses from pre-petition treatment for all purposes. FMM further reasons that because § 727(b) only applies to those debts that are deemed to have arisen pre-petition, § 727(b) cannot apply to discharge a pre-conversion debt for attorneys’ fees.
 

 Assuming for purposes of FMM’s argument that its claim qualifies as a claim for “administrative expenses,”
 
 [3]
 
 we cannot agree that § 348(d) exempts pre-conversion administrative expense claims from discharge. Just because § 348(d) does not
 
 require
 
 that pre-conversion administrative expense claims be treated “for all purposes” as if they had arisen pre-petition does not mean that such claims may
 
 never
 
 be treated as if they had arisen pre-petition. That is especially true where, as here, other provisions of the Bankruptcy Code mandate pre-petition treatment for a particular purpose,
 
 i.e.,
 
 discharge, without exception for pre-conversion administrative expense claims.
 
 See
 
 §§ 727(b) and 348(b). Appellant’s proposed construction of § 348(d) not only reads too much into the language of the provision, but would create an unwarranted conflict between § 348(d), on the one hand, and §§ 727(b) and 348(b), on the other.
 

 Accordingly, we reject FMM’s argument that § 348(d) creates an exception to discharge for administrative expense claims. Section 348(d) may give administrative expense claims priority of payment upon distribution, but it says nothing about their susceptibility to discharge.
 
 See In re Toms,
 
 229 B.R. 646, 653-54 (Bankr.E.D.Pa.1999);
 
 see also
 
 3 Collier on Bankruptcy, ¶ 348.05[3], at 348-20 (15th ed. rev. 2003). For purposes of discharge, all claims, including claims for administrative expenses, that arise after the filing of the Chapter 11 petition but prior to the conversion to Chapter 7, and that are not expressly exempted by § 523, are subject to discharge. FMM’s claim against Fickling falls squarely into this category.
 

 II. Section 329 and Fee Review
 

 FMM’s second argument is that the plain language of § 727(b) cannot be given effect because it -conflicts with 11 U.S.C. § 329. Section 329 requires that every debtor’s attorney submit to the bankruptcy court a statement of fees and
 
 *176
 
 expenses “paid or agreed to be paid ... for services rendered or to be rendered.” 11 U.S.C. § 329(a). It also directs the bankruptcy court to review that statement to determine whether the fees “exceed! ] the reasonable value” of the specified services, and gives the court the power to adjust the fees if they are found to be excessive. 11 U.S.C. § 329(b).
 

 Appellant argues that § 329 evidences Congress’s intent to exempt pre-petition
 
 [4]
 
 attorneys’ fees claims from discharge under § 727(b) because review by the court of attorneys’ fees “agreed to be paid ... for services ... to be rendered,” 11 U.S.C. § 329(a) — a category of fee that necessarily includes pre-petition attorneys’ fees in Chapter 7 cases — simply is inconsistent with the prospect of discharge. If pre-petition claims for attorneys’ fees and expenses in a Chapter 7 case have been or will soon be discharged, FMM argues, the review contemplated by § 329 would be pointless. This, FMM contends, is an impermissible result.
 
 See State St. Bank & Trust Co. v. Salovaara,
 
 326 F.3d 130, 139 (2d Cir.2003) (courts should disfavor a reading of a statute that renders a particular clause superfluous).
 

 We disagree with the premise of FMM’s argument; no portion of § 329 is rendered superfluous by according § 727(b) its plain meaning. We agree with the Seventh Circuit that “ §. 329 has
 
 plenty
 
 to do in Chapter 7 cases,” even if pre-petition claims for legal fees are subject to discharge.
 
 Bethea v. Robert J. Adams & Assocs.,
 
 352 F.3d 1125, 1127 (7th Cir.2003) (emphasis in original). At the very least, the supposedly superfluous language (“compensation ... agreed to be paid ... for services ... to be rendered”) covers not just pre-petition attorneys’ fees, but also post-petition attorneys’ fees, which are not dischargea-ble under Chapter 7.
 
 See
 
 11 U.S.C. §§ 348(b), 727(b);
 
 see also In re Sanchez,
 
 241 F.3d 1148, 1150-51 (9th Cir.2001) (post-petition fees are not dischargeable).
 

 Canons of statutory interpretation may require us to disfavor a reading of a statute that would render a particular clause entirely superfluous,
 
 see State St. Bank & Trust Co.,
 
 326 F.3d at 139, but they do not require us to read every clause of a general statutory provision to apply to every conceivable situation covered by its language. Because each phrase of § 329 retains a function in a Chapter 7 ease even where pre-petition attorneys’ fees are treated as discharged pursuant to § 727(b), there is no basis for FMM’s assertion that § 329 conflicts with § 727(b). And since the plain language of § 727(b) compels- a finding that FMM’s claim is dischargeable, we must affirm.
 

 FMM urges that this conclusion will leave the poorest of debtors without legal representation. It asserts that no cautious attorney will agree to represent a Chapter 7 petitioner without full payment up front if the attorney knows that any fees incurred after the filing of the petition for services rendered pre-petition will be subject to discharge. Some commentators share FMM’s policy concerns,
 
 [5]
 
 but the statute is clear, and “the judiciary’s job is to enforce the law Congress enacted, not to write a different one that judges think superior.”
 
 Bethea,
 
 352 F.3d at 1128.
 

 
 *177
 
 III. Fraud
 

 Finally, we reject FMM’s argument that its fees should not have been discharged because Fickling made fraudulent representations in connection with those fees. Appellant contends that Fickling induced FMM to refrain from filing interim fee applications by falsely assuring the firm that its fees would be paid from the proceeds of a condemnation proceeding.
 
 See
 
 Appellant’s Brief at 6-8. In FMM’s view, this alleged fraud exempts FMM’s claim from discharge.
 

 Even assuming a factual basis for this argument, FMM does not cite any statute or case law to support it, and we can find none. FMM frankly admits that it failed to file a timely objection to discharge on the ground of fraud.
 
 See id.
 
 at 18; 11 U.S.C. § 727(e)(1). Moreover, although a creditor can seek to “revoke” a discharge on the ground of fraud,
 
 see
 
 11 U.S.C. § 727(d)(1) (“On request of ... a creditor ... the court shall revoke a discharge ... if ... such discharge was obtained through fraud of the debtor .... ”), FMM forfeited the right to do so when it failed to seek revocation within one year of the order of discharge, as required by statute.
 
 See
 
 11 U.S.C. § 727(e)(1);
 
 In re Emery,
 
 132 F.3d 892, 894-95 (2d Cir.1998) (§ 727(e) sets limitations period for § 727(d) actions).
 

 CONCLUSION
 

 For the foregoing reasons, the opinion of the district court is hereby Affirmed.
 

 [1]
 

 . Section 523 of the Code exempts a host of claims from discharge, including,
 
 inter alia,
 
 certain claims for taxes, § 523(a)(1), for the return of fraudulently-obtained property, § 523(a)(2), for alimony and child support, § 523(a)(5), and for some forms of personal injury, § 523(a)(9).
 

 [2]
 

 . By "pre-conversion,” we mean those claims that arose after the filing of the Chapter 11 petition but before the conversion of the case to Chapter 7.
 

 [3]
 

 . Section 503(b)(2) defines "administrative expense” to include "compensation and reimbursement awarded under section 330(a) of this title.” Section 330(a), in turn, allows for payment of fees to attorneys who have been employed by the bankruptcy trustee pursuant to 11 U.S.C. § 327 to represent the debtor. 11 U.S.C. § 330(a);
 
 Lamie v. United States
 
 Trustee, - U.S. -, 124 S.Ct. 1023, 1031-32, 157 L.Ed.2d 1024 (2004). It appears that FMM was hired by the trustee in accordance with this procedure.
 
 See
 
 Appendix at 23-24 (Order Authorizing Retention of Counsel by Debtor-in-Possession).
 

 [4]
 

 . For the remainder of the opinion, we use the term "pre-petition" to refer to claims that arose after the filing of the Chapter 11 petition but before the conversion to Chapter 7. Such claims are treated under § 348(b) as if they had arisen pre-petition, and, as discussed above, we reject FMM's argument that § 348(d) exempts the claims here in question from pre-petition treatment.
 

 [5]
 

 .
 
 See, e.g.,
 
 Kerry Haydel Ducey, Note,
 
 Bank-mptcy, Just for the Rich? An Analysis of Popular Fee Arrangements for Pre-Petition Legal Fees and a Call to Amend,
 
 54 Vand. L.Rev. 1665 (2001).