In re Lori Anne POWELL, Debtor.

No. 03–30538–SAF–11.

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

Sept. 16, 2004.

Robert W. Rucker, Brewer Anthony Middlebrook et al., Irving, TX, for Brewer Anthony Middlebrook Burley & Dunn, Applicant.

Marc W. Taubenfeld, McGuire, Craddock & Strother, Dallas, TX, for Debtor.

J. Douglas Uloth, Uloth & Peavler, L.L.P., Dallas, TX, for Joseph Carl Powell, Jr., A Creditor.

## MEMORANDUM OPINION AND ORDER

STEVEN A. FELSENTHAL, Chief Judge.

Brewer, Anthony, Middlebrook, Burley & Dunn has filed an application for allowance of compensation and reimbursement of expenses as special counsel for the debtor, Lori Anne Powell, while her case was pending as a case under Chapter 13 of the Bankruptcy Code. Powell filed a limited objection to the application. Powell's estranged husband, Joseph Carl Powell, Jr., referred to as Carl Powell, filed an objection. The court conducted a hearing on the application on August 30, 2004.

The allowance of compensation to a professional person constitutes a core matter over which this court has jurisdiction to enter a final order. 28 U.S.C. §§ 157(b)(2)(A) and (O) and 1334. Brewer, Anthony also, in effect, seeks the allowance of a pre-petition claim. The allowance of a claim also constitutes a core matter over which this court has jurisdiction to enter a final order. 28 U.S.C. §§ 157(b)(2)(B) and 1334. This memorandum opinion contains the court's findings of fact and conclusions of law. Bankruptcy Rules 7052 and 9014.

Powell filed her petition for relief under Chapter 13 of the Code on January 9, 2003. By order entered July 6, 2004, the court converted Powell's case to a case under Chapter 11 of the Code. Powell employed Brewer, Anthony as her divorce attorneys from about August 1, 2002, through December 22, 2003. Brewer, Anthony requests total compensation and reimbursement of expenses of $65,276.79 for that entire period.

The court did not enter an order authorizing Powell to retain Brewer, Anthony as her special divorce counsel during the Chapter 13 case. A Chapter 13 debtor does not need court authorization to employ an attorney. The Code provides that a "trustee" may, with court approval, employ an attorney. 11 U.S.C. § 327(a) and

**570**

(e). Section 327, both subsections (a) and (e), apply only to "the trustee." Chapter 13 does not decree that a Chapter 13 debtor has the rights or performs the functions or duties of a trustee. Compare 11 U.S.C. § 1107. Indeed, Chapter 13 requires the appointment of a trustee. 11 U.S.C. § 1302. *Bowen v. Lee Lewis Constr. Inc. (In re Bowen)*, 2004 Bankr.LEXIS 356 (Bankr.N.D.Tex. Mar. 29, 2004).

■■■■ Nevertheless, Brewer, Anthony may only recover fees from the bankruptcy estate if approved by the court. Carl Powell contends that Brewer, Anthony may not be paid fees as an administrative expense of the Chapter 13 proceeding because Brewer, Anthony's service benefitted only Powell, not her bankruptcy estate. Carl Powell incorrectly reads the Code.

Section 503(b) provides that after notice and hearing, the court shall allow as an administrative expense compensation and reimbursement of expenses awarded under § 330(a). Section 330(a) provides that in a Chapter 13 case, "the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." 11 U.S.C. § 330(a)(4)(B). Accordingly, if the court allows compensation under this provision of the Code, the compensation shall be allowed as an administrative expense.

■■■■ Carl Powell argues that the phrase "in connection with the bankruptcy case" means that the attorney's services have or will have an impact on the bankruptcy case, citing *In re Keller Financial Services of Florida, Inc.*, 248 B.R. 859, 878–79 (Bankr.M.D.Fla.2000) (construing similar language in § 329 of the Code). Section 330(a)(4)(B) must be read as a whole, giving meaning to all its terms. Construction of the Bankruptcy Code is a holistic endeavor. *United Savings Ass'n. Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 371, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988). The court must consider the particular statutory language, the design of the Code as a whole and its object and policy. *Kelly v. Robinson,* 479 U.S. 36, 43, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986). Where the statutory scheme of the Code is coherent and consistent, the court generally need not inquire beyond the statute's language. *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 240–41, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).

Congress has provided that a Chapter 13 case may last from thirty-six to sixty months. 11 U.S.C. § 1322(d). Congress surely anticipated that during those three to five years life events would occur. For example, during that time, a debtor in Chapter 13 may face the dissolution of her marriage. Should that happen, the debtor would more likely than not require the services of an attorney to represent her in the divorce proceeding. The attorney must be compensated for her services.

During the Chapter 13 case, the debtor would have to compensate her divorce attorney by payment through her monthly expenditures, which would be reflected on Bankruptcy Schedule J, or by payment through her Chapter 13 plan as an administrative expense. If paid through her monthly expenditures, the payment would not be subject to court approval. The debtor would make the payment to address her maintenance and support following or in connection with her divorce, reducing her income available for plan payment through the disposable income test. 11 U.S.C. § 1325(b)(2).

But § 330(a)(4)(B) contemplates court review of attorney's fees. The attorney

representing the debtor in her Chapter 13 case would be subject to the compensation allowance process of § 330(a). It would be illogical to exclude the divorce attorney from that process, thereby defaulting to an expense to be paid by the debtor before the determination of disposable income to fund a plan. Rather, "in connection with the bankruptcy case" must be read liberally to include attorney work for a debtor that could have a conceivable effect on the Chapter 13 case while a debtor prosecutes a Chapter 13 case.

■ The divorce attorney may address issues of property division which could impact a Chapter 13 plan. The divorce attorney may address issues of maintenance and support for the debtor and any dependent children, which could impact a plan. The potential impact effects the prosecution of the Chapter 13 case throughout its three to five year life span. That impact could compel or implicate the plan modification process of Chapter 13. 11 U.S.C. § 1329. It may also impact the debts that must be serviced in a Chapter 13 plan. The court therefore rejects a reading of § 330(a)(4)(B) that places legal services for divorce proceedings during a Chapter 13 case outside the court compensation allowance process. Rather than include the fees in the debtor's monthly post petition budget, the fees must be subject to court review and approval under § 330(a).

■ To determine reasonable compensation under § 330(a) for the services rendered, the court must determine the "nature and extent of the services supplied by" the attorneys. *In re First Colonial Corp. of Am.*, 544 F.2d 1291, 1299 (5th Cir.1977), *cert. denied*, 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977). The court must also assess the value of the services. These two factors comprise the components for the lodestar calculation. *See Cobb v. Miller*, 818 F.2d 1227, 1231 (5th Cir.1987). Generally, the lodestar is calculated by multiplying the number of hours reasonably expended by reasonable hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

■ The court first considers the reasonableness of the hours expended representing Powell. Brewer, Anthony assessed a monthly "seven percent in-house expense surcharge" to the invoices charged to Powell. Both Powell and Carl Powell object to the charge. To be reimbursable, expenses must be actual and necessary. 11 U.S.C. § 330(a)(1)(B). A seven percent charge does not represent actual and necessary expenses. The seven percent surcharge must be disallowed. The total hourly charge must be reduced by the seven percent added to the invoices. Carl Powell calculates a figure, but the court disallows $4,456.19. The court calculates that amount by multiplying $63,659.89, the total charge before itemized expenses, by seven percent. That nets an amount of $59,203.70, which constitutes the fees requested under the lodestar calculation.

■ Brewer, Anthony charges for hourly services that it vaguely describes. The court cannot determine whether services have been reasonably rendered when the court cannot understand the services rendered because of vague descriptions. Powell and Carl Powell object to these charges. *See, for examples*, "instructions from CC," "conference; instructions to legal assistant," "review correspondence," "conference regarding case," "review letter," "records review," "research," and so on. *See Guidelines for Compensation and Expense Reimbursement of Professionals*, § II. C.

The application reflects excessive conferencing among the attorneys in the firm.

Brewer, Anthony has not explained in its application or at the hearing the need for the conferencing charges. *Guidelines,* § II. E. The firm has not made a good faith effort to exclude redundant or excessive charges through the exercise of reasonable billing judgment to reduce these charges. In addition, interoffice assignments and organization must be included as overhead subsumed by the hourly rate. To adjust for vague descriptions, excessive conferences and overhead items, the court disallows fifteen percent of the time charged, $8,880.55.

■ In the application, Brewer, Anthony states that it performed services in the following subject categories: claimed assets and liabilities of the marital estate including potential community property and separate property issues; possession and visitation of children and levels of financial support for the children; temporary orders to obtain interim financial support and assistance to Powell and her children; and financial obligations of Powell. Except for mediation, the court cannot tell from the invoices attached to the application the work performed in each subject area. Carl Powell objects to Brewer, Anthony's failure to classify work by subject areas. *See Guidelines,* § I.C. The court cannot determine whether the hours worked in any one subject area were reasonable. The court cannot determine the results obtained or the specific issues addressed. Brewer, Anthony has therefore not met its burden to establish that the requested compensation was reasonable. Nevertheless, the court may draw inferences from the proceedings that have occurred in this bankruptcy case. Powell has been involved in a contested divorce that includes extended family disputes. Carl Powell knows that. Significant legal work had to be performed to adequately represent Powell. The court balances

these findings by disallowing twenty percent of the requested amount, $11,840.74, for Brewer, Anthony's failure to meet its burden, while thereby recognizing the necessity for most of the work billed.

■ Carl Powell objects to work performed related to the bankruptcy case which should be covered by debtor's bankruptcy counsel. Services charged at $155 for filing its own proof of claim are not compensable as an administrative expense. Brewer, Anthony may not recover the $749.30 charged for prosecuting its motion to withdraw as counsel. A Bankruptcy Rule 2004 examination pertains to the bankruptcy case, not the divorce case. Brewer, Anthony has not established the reasonableness of attending a Rule 2004 examination. The court disallows fees of $1,462.50 for those services. These items total $2,366.80.

■ Brewer, Anthony reports that it worked 309.45 hours at a total charge of $59,203.70, after adjusting for the seven percent surcharge. That results in a blended hourly rate of $191.31. That rate is within the prevailing range of hourly rates in the community for similar services by attorneys of reasonably comparable skill, experience and reputation. *See Missouri v. Jenkins,* 491 U.S. 274, 286, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989).

■ Before calculating the lodestar fee, the court must address the fact that a portion of the work had been performed pre-petition. The portion of the work performed pre-petition constitutes a claim against the bankruptcy estate. The portion of the work performed post-petition constitutes an administration expense at the Chapter 13 level of the case. Brewer, Anthony seeks, in effect, in this application, allowance of its pre-petition claim as well as an administrative expense. The court may review the reasonableness of

the fees incurred during the year before the filing of the bankruptcy, applying the same lodestar analysis. 11 U.S.C. § 329. Before adjustment for the seven percent surcharge, Brewer, Anthony requests, in effect, a pre-petition allowance of $22,132.72, and a post-petition allowance of $41,527.17.

Based on the foregoing, the court calculates the lodestar fee as follows: The requested amount of $63,659.89 is reduced by the seven percent surcharge, leaving $59,203.70 actually requested. Of that amount, $20,583.43 constitutes the pre-petition portion ($22,132.72 less the seven percent surcharge of $1,549.29) and $38,620.27 constitutes the post-petition portion ($41,527.17 less the seven percent surcharge of $2,906.90).[1]

With regard to the pre-petition portion, the court disallows $3,087.51 for the fifteen percent adjustment made above and $4,116.69 for the twenty percent adjustment, leaving a lodestar amount of $13,379.23. The remaining work was reasonable and necessary, and benefitted the debtor. No *Johnson* factor warrants any further adjustment to that calculation. The court therefore allows Brewer, Anthony a pre-petition claim of $13,379.23. Powell paid Brewer, Anthony $15,000 pre-petition. Applying that payment to the allowed claim results in the payment of the claim in full with a credit due Powell of $1,620.77.

With regard to the post-petition portion, the court disallows $5,793.04 for the fifteen percent adjustment made above, $7,724.05 for the twenty percent adjustment and $2,366.80 for the other disallowed entries, leaving a lodestar amount of $22,736.38. The remaining work was reasonable and necessary, and benefitted the debtor. No

*Johnson* factor warrants any further adjustment to that calculation.

In addition, Brewer, Anthony incurred actual out of pocket post-petition expenses, as reported in the application, of $1,616.90 for records service, records fees and court reporter fees. Brewer, Anthony has not established any other itemized expense. The court allows the reimbursement of actual, necessary expenses of $1,616.90. 11 U.S.C. § 330(a)(1)(B).

The court therefore awards post-petition compensation of $22,736.38 and reimbursement of expenses of $1,616.90, for a total of $24,353.28. Applying the credit of $1,620.77 to the post-petition award leaves $22,732.51. Brewer, Anthony further reports receipt of $2,777 from Powell post-petition. The record does not explain the circumstances of those payments, but neither Powell nor Carl Powell challenges the propriety of the payments. The court, therefore, applies those payments to the outstanding post-petition award, reducing the net unpaid amount to $19,955.51. The court grants Brewer, Anthony an administrative expense at the Chapter 13 level of $19,955.51.

Based on the foregoing,

**IT IS ORDERED** that Brewer, Anthony, Middlebrook, Burley & Dunn is granted an allowed claim of $13,379.23, which has been paid in full.

**IT IS FURTHER ORDERED** that Brewer, Anthony, Middlebrook, Burley & Dunn is awarded total compensation and reimbursement of expenses under 11 U.S.C. § 330(a) of $24,353.28, of which $19,955.51 is unpaid. Brewer, Anthony, Middlebrook, Burley & Dunn is accordingly granted an administrative expense of

---

1. The court notes and appreciates the stipulation filed September 10, 2004. The court, however, does not accept the calculation in the stipulation.

$19,955.51, to be paid at the Chapter 13 level of administrative expenses.