**In re Walter D. MacKAY, Debtor.**

**No. 5–02–01057.**

United States Bankruptcy Court,
M.D. Pennsylvania.

Jan. 27, 2005.

904

William G. Schwab, Esq., Lehighton, PA, for Debtor.

Robert N. Opel, II, Kingston, PA, for trustee.

### *OPINION*[1]

JOHN J. THOMAS, Bankruptcy Judge.

The pertinent Code sections required to resolve the instant dispute are as follows:

### § 330.  Compensation of officers

(a)(4)(B) In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

### § 348.  Effect of conversion

(a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

. . .

(d) A claim against the estate or the debtor that arises after the order for relief but before conversion in a case that is converted under section 1112, 1208, or 1307 of this title, other than a claim specified in section 503(b) of this title, shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition.

### § 503.  Allowance of administrative expenses

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including-

(1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case;

### § 507.  Priorities

(a) The following expenses and claims have priority in the following order:

(1) First, administrative expenses allowed under section 503(b) of this title, and any fees and charges assessed against the estate under chapter 123 of title 28.

---

1. Drafted with the assistance of Richard P. Rogers, Law Clerk.

**§ 726. Distribution of property of the estate**

(a) Except as provided in section 510 of this title, property of the estate shall be distributed—

(1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title, proof of which is timely filed under section 501 of this title or tardily filed before the date on which the trustee commences distribution under this section;

. . .

(b) Payment on claims of a kind specified in paragraph (1), (2), (3), (4), (5), (6), (7), or (8) of section 507(a) of this title, or in paragraph (2), (3), (4), or (5) of subsection (a) of this section, shall be made pro rata among claims of the kind specified in each such particular paragraph, except that in a case that has been converted to this chapter under section 1009, 1112, 1208, or 1307 of this title, a claim allowed under section 503(b) of this title incurred under this chapter after such conversion has priority over a claim allowed under section 503(b) of this title incurred under any other chapter of this title or under this chapter before such conversion and over any expenses of a custodian superseded under section 543 of this title.

Presently before the Court are several objections to two Applications for Compensation to Attorney for Debtor (hereinafter "Applicant"). The first application filed on January 29, 2003, requests compensation be awarded the law offices of William G. Schwab & Associates for a period from February 6, 2002 through and including January 27, 2003. This application requests compensation for attorney's fees of $20,905.00 and expenses in the amount of $1,103.80. The second interim application filed January 7, 2004, seeks compensation for services and expenses from January 28, 2003 through November 25, 2003. In this application, the request for attorney's fees totals $15,536.50 and the request for expenses totals $671.51.

A timetable of events is essential to resolution of the objections. The underlying bankruptcy case was filed under Chapter 7 of the Bankruptcy Code on March 15, 2002. The case was thereafter converted to one under Chapter 13 on December 17, 2002. Approximately one year later on December 15, 2003, the case reconverted to a Chapter 7. The first fee application covers a period of time ranging approximately one month prior to the filing of the first Chapter 7 to approximately one month after the case was converted to a Chapter 13. The second interim fee application covers a period wholly within the time the Debtor was in Chapter 13.

Document number 64 is the first fee application. Document number 70 is the objection of the Chapter 13 Trustee to that fee application. At a hearing on March 11, 2003, the Chapter 13 Trustee argued, inter alia, that he could not determine the impact the fees would have on the estate and the services rendered were personal to the Debtor only and did not confer any benefit on the Debtor's estate. Following oral argument, I deferred ruling on this fee application pending the filing of a Chapter 13 plan by the Debtor and any confirmation hearing thereon. On March 25, 2003, the Debtor filed his Chapter 13 plan. The impact of Applicant's fees on the Chapter 13 plan and its confirmation was subsequently mooted by the Debtor's conversion of the Chapter 13 case back to one under Chapter 7.

Subsequent to the conversion and the filing of the second interim application by Debtor's counsel, (Doc. # 141), both the Chapter 7 Trustee (hereinafter "Trustee") and 165248 Canada Ltd. (hereinafter "Can-

ada" or "creditor") filed objections. The Trustee's objection only addressed the second interim application. Canada's objection, however, adopted the objections of the Chapter 7 Trustee to the second interim application and raised a new objection to the initial interim application citing the authority of the Supreme Court of the United States in the case of *Lamie v. U.S. Trustee*, 540 U.S. 526, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004). The Trustee again argued that many of the time entries did not reasonably benefit the estate. Several line items of time on March 11, 2003, August 4, 2003, and October 28, 2003, were questioned. The Trustee further assailed the entire time requested for defense of a fraudulent conveyance action and certain expenses, e.g., facsimile transmissions. Applicant conceded he could not establish how his office calculated the amount charged for each fax and those charges were denied forthwith.

The colloquy among counsel then shifted to the priority, if any, that should be given to both the attorney fees in the initial Chapter 7 case and the Chapter 13 fees vis-à-vis the second Chapter 7 administrative claims. The parties agreed the Chapter 7 administrative claims in the second Chapter 7 would take priority over all other claims but the Code did not address the priority among the initial Chapter 7 administrative claims and the subsequent Chapter 13 administrative claims. Secondarily, a further issue arose as to whether, in order to get paid from a Chapter 7 estate, the services had to provide a benefit to the estate.

While Applicant's brief is short and succinct, it is inarticulate in the arguments it raises in support of the fee applications. The Applicant argues that under the plain language of 11 U.S.C. § 330(a)(4), counsel for the Debtor may receive compensation from the Chapter 7 estate for work performed during the Chapter 13 case. Furthermore, this claim for compensation is an administrative claim and is entitled to priority of payment from the Chapter 7 Trustee. Concerning the request for payment of services during the initial Chapter 7 case, Debtor asserts that those fees were claimed during the Chapter 13 case as an administrative claim and, therefore, even though incurred in the prior Chapter 7 case, the fees should be awarded and treated as an administrative claim in the second Chapter 7 case.[2]

Addressing the issue as to whether attorney's fees may be awarded for services that do not benefit the estate, Applicant directs my attention to the language of § 330(a)(4)(B) and argues that services can be awarded for representing the interests of the debtor in connection with the bankruptcy case based upon a consideration of the benefit and necessity of those services to the debtor. Benefit to the estate is not necessarily required.

A review of the objections reveals an attack on the fee applications on several grounds. The first objection asserts that the Court should deny the fee applications in their entirety because none of the services for which compensation is sought were reasonably likely to benefit the Debtor's estate. The argument follows that all these services simply benefited either the individual Debtor or the attorneys representing the Debtor.[3] Applicant countered

---

2. No support was provided to bolster this position and the status of the fees in the initial Chapter 7 case were never recognized as an administrative claim in the Chapter 13 case.

3. The creditor cites the cases of *In re Rothman*, 206 B.R. 99 (Bankr.E.D.Pa.1997) and *In re Pontarelli*, 250 B.R. 160 (Bankr.D.R.I.2000) to support the proposition that services rendered by an attorney that are purely personal to the debtor are not entitled to compensation

those arguments by arguing that § 330(a)(4)(B), referenced above, does not require a benefit to the Debtor's estate for this Court to award attorney's fees. The plain language of that Code section permits the Court to allow reasonable compensation to the Applicant for representing the interest of the Debtor in connection with the bankruptcy case based upon a consideration of the benefit and necessity of those services *to the Debtor.*

■ The Trustee also questions the priority of payment of the fees in the initial Chapter 7 case and the converted Chapter 13 case vis-à-vis the administrative fees of the second Chapter 7 case. Section 507 establishes the priority for expenses and claims and gives a first priority to administrative expenses allowed under § 503(b). Section 503(b)(2) provides that there shall be allowed administrative expenses including compensation and reimbursement awarded under § 330(a) of this title. Reading § 330(a)(4)(B) in conjunction with § 507(a)(1) and § 503(b)(2), provides the authority for this Court to determine it may allow compensation to Applicant for his services provided during the Chapter 13 case which did not necessarily benefit the estate but were reasonable and necessary to services rendered on behalf of the debtor.[4] These services provided to the debtor are given administrative priority status pursuant to § 507 and § 503.

■ *Payment of those priority expenses and claims is dictated by* § 726(b) which provides that the priority of payment will go first to the instant Chapter 7 administrative claims and then to any other administrative claims incurred in the prior cases if they are of a kind specified in

§ 507(a) which then share pro rata in distribution prior to all other prepetition claims.

■ The parties agreed that the *administrative* claims in the initial Chapter 7 and the Chapter 13 should be put into the same priority. But, are the attorney's fees incurred in the initial Chapter 7 case an administrative claim? This is the point where the application of 11 U.S.C. § 348(d) becomes important to our analysis. That section provides that all claims against the estate or the debtor that arise after the order for relief but before conversion of the case, other than those claims specified in § 503(b), are treated for all purposes as if the claim had arisen immediately before the date of the filing of the petition. The attorney's fees *incurred during the initial Chapter 7 do not fall under the provisions of* § 330 because Applicant was not employed by the Trustee and, under § 330(a)(4)(B), the Applicant is obviously not asking for compensation for services provided to the Debtor in either a Chapter 12 or 13 case. Furthermore, the request for services does not fall within any of the categories listed in the priorities section of the Code at § 507(a)(1)-(8). This leaves the attorney's fees with a designation of being treated as a pre-petition debt. *In re Benjamin Coal,* 978 F.2d 823 (3rd Cir.1992); *In re Fickling,* 361 F.3d 172 (2nd Cir.2004). Whether these fees can be collected against the Debtor or are dischargeable in the bankruptcy case was not argued by any of the parties and those matters are left for another day.

The creditor's objection brings our attention to the recent Supreme Court case

---

from the bankruptcy estate. While each case spoke to the reasonableness and necessity of services, neither held that those services had to be reasonable and necessary for the estate only.

**4.** c.f. *In re Powell,* 314 B.R. 567 (Bankr. N.D.Tx.2004); *In re Polishuk,* 258 B.R. 238 (Bankr.N.D.Ok.2001); *In re Lee,* 209 B.R. 708 (Bankr.N.D.Ill.1997).

of *Lamie v. U.S. Trustee,* 540 U.S. 526, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004), for the proposition that those Chapter 7 fees cannot be paid by the estate. The creditor's objection at paragraph 3 argues that compensation of the initial, interim application must be denied under the authority of the *Lamie* case. *Lamie,* however, did not deny compensation but determined that the debtor's attorney could not collect fees *from the estate* because the Applicant did not fall within the category of professionals under § 330(a), so as to be permitted compensation from the estate. In fact, paragraph 3 of the Applicant's answer to the objection of the creditor admits that the fee application for the Chapter 7 portion of the case cannot be paid from the estate. Nevertheless, Applicant maintains that this Court has authority to approve the fee application. I agree.

■ After determining that under the plain reading of § 330(a)(4)(B), the services rendered do not necessarily need to benefit the estate and, further, that portion of the fees for the initial Chapter 7 case is to be treated as pre-petition fees that cannot be paid from the estate, the Court will turn its attention to review the fee application filed for compensation of services in the initial Chapter 7 case under the same guidelines that it will use under § 329(a) to determine whether the fees for the services rendered were reasonable. Likewise, when reviewing the fee application for those services provided during the Chapter 13, under § 330(a)(4)(B), I will determine if the services were reasonable in representing the interests of the debtor in connection with the case together with further consideration of the benefit and necessity of those services to the debtor.

The creditor's only objection to the reasonableness and necessity of the services was a declaration that debtor's counsel was seeking compensation for an amount far in excess of any customary fee for a Chapter 13 case in this district. The Trustee made the same argument but also questioned some specific line items in the second interim application and the amount of expenses, particularly those for facsimile charges. In addition to addressing the items raised by the Trustee on the record, the Court also reviewed the reasonableness and necessity of the expenses as dictated by the Third Circuit case of *In re Busy Beaver Building Centers,* 19 F.3d 833 (3rd Cir.1994).

The Trustee hinted that the amount of time spent for certain line items may have been excessive, and he questioned the necessity and reasonableness of those line items in conjunction with his general objection that the services in the fee application did not benefit the estate but, rather, had a benefit only to the individual debtor. It was during the colloquy of the Trustee's presentation of his objection to the fee application that, with the acquiescence of Debtor's counsel, the total fee requested in the second interim application for facsimile charges in the amount of $108.00 was denied.

Counsel for the creditor, once again, echoed the Trustee's objection that the services provided did not benefit the estate. Furthermore, counsel for the creditor suggested that Debtor's counsel be required to take the fee application and separate the entries into distinct categories. The Court notes that the application in the approximate amount of $15,000.00 and its written presentation fall within the confines of the local Bankruptcy Practice Order and Forms for the Middle District of Pennsylvania at ¶ 2016, then in effect, and the Court will not require Debtor's counsel to go beyond those requirements as presented in that prac-

tice order.[5] Concerning both the Trustee's and creditor's arguments that the fees are beyond the customary amounts in the Middle District of Pennsylvania, the Court finds that this is not an ordinary Chapter 13 case. In other cases, this Court has granted not only hourly rates in excess of that presented by the Debtor's counsel, but has approved fee applications for much more in comparison to the amount of the present applications. The baseline rule is for firms to receive their customary rates. See *Zolfo, Cooper & Co. v. Sunbeam–Oster Co., Inc.*, 50 F.3d 253 (3rd Cir.1995). There is nothing in the present record to indicate that the fees requested in this very litigious Chapter 13 and Chapter 7 case were not those customarily charged by the Debtor's law firm.[6]

The specific line items objected to are as follows. The Trustee objected to two line items for March 11, 2003 for attendance at hearings by Applicant amounting to 5.8 hours; a line item on August 4, 2003 for 1.5 hours for the preparation of a motion to voluntarily dismiss the Chapter 13 case; and a line item on October 28, 2003 for a 2 hour period of time for attendance at a hearing on Debtor's motion to dismiss. The objection raised was to the amount of time attributed to each line item. Because Applicant did not address those items spe-

cifically in response to the Trustee's objection, the Court will deny compensation for those specific line items. As to the reasonableness of the remaining entries on both fee applications, I will apply the factors listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974)[7].

■ After applying these factors, I have determined that the fees requested for services performed are reasonable and were necessary to the prosecution of the instant bankruptcy on behalf of the Debtor. While Debtor's attorney provided services normally required in a Chapter 7 and Chapter 13 case, admittedly the primary agenda was the defense of a hotly-contested fraudulent transfer complaint. A large amount of time was also earmarked for a change of venue motion. *In re Busy Beaver Building Centers, infra.*, instructs that a bankruptcy court does not need "become enmeshed in a meticulous analysis of every detailed facet of the professional representation . . . ." *citing Lindy Bros. Builders, Inc. v. American Radiator & Std. Sanitary Corp.*, 540 F.2d 102, 116 (3d Cir.1976). "[T]he reviewing court need only correct reasonably discernible abuses, not pin down to the nearest dollar the precise fee to which the professional is ideally entitled." *In re Busy Beaver Building Cen-*

**5.** Bankruptcy Practice Order ¶ 2016(a)–2 reads, "This paragraph is made applicable to all applications for compensation by professionals. In a case under any chapter in which the total aggregate amount requested for compensation by a professional is in excess of $50,000.00, the applicant shall provide a categorical listing of services rendered as found in Appendix 2016(a)–3." The BPO has since been vacated by Court Order dated Dec. 30, 2004 and BPO ¶ 2016(a)–2 is now found in Local Bankruptcy Rule 2016–1(c)(1).

**6.** The Applicant proffered that, if he took the stand, he would testify that the fees charged were the customary rates of the law firm and that, if need be, he would testify that the

defense of the fraudulent conveyance actions underlying much of the litigation in this case benefited the Debtor's estate. Both the creditor and the Trustee determined that there would be no necessity for Debtor's counsel to take the stand and be cross-examined on those proffers.

**7.** The *Johnson* case is a non-bankruptcy case but, nonetheless, the factors cited therein have been applied by many bankruptcy courts in determining the reasonableness of fees. Many of the factors are codified in § 330(a)(3) of the Bankruptcy Code. 3 Collier on Bankruptcy at p. 330–36 n. 26. (5th ed. rev.).

*ters,* 19 F.3d at 845. Utilizing the factors of the *Johnson* court, *infra.,* this Court's experience of reviewing fee applications, its knowledge of the procedural background of this case, and the litigiousness of the parties involved, I am of the opinion that the fees represented in these two interim applications were reasonable and necessary to the representation of the Debtor with the exception for the request for expenses for facsimile transmissions which were withdrawn and the time entries for fees incurred on March 11, 2003, August 4, 2003, and October 28, 2003. These entries were objected to by the Trustee as unreasonable and Applicant did not address those objections even though he had ample opportunity to do so.