*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name:  05a0163p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

ALLAN J. RITTENHOUSE,

　　　　　　　*Plaintiff-Appellant,*

　　　　*v.*

SAUL EISEN, U.S. Trustee,

　　　　　　　*Defendant-Appellee.*

No. 04-1281

---

Appeal from the United States District Court
for the Western District of Michigan at Marquette.
No. 03-00160—Robert Holmes Bell, Chief District Judge.

Argued:  March 15, 2005

Decided and Filed:  April 7, 2005

Before:  MERRITT and ROGERS, Circuit Judges; DUPLANTIER, District Judge.[*]

---

## COUNSEL

**ARGUED:**  Allan J. Rittenhouse, Iron Mountain, Michigan, for Appellant.  Paul W. Bridenhagen, U.S. DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.  **ON BRIEF:**  Allan J. Rittenhouse, Iron Mountain, Michigan, for Appellant.  Paul W. Bridenhagen, U.S. DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

---

## OPINION

---

　　DUPLANTIER, District Judge.  Sarah L. Chandlier failed to pay the sum of $800 which she had agreed to pay to an attorney for legal services performed in preparation for the filing of a Chapter 7 bankruptcy (11 U.S.C. §700 et seq.), creating an account receivable owed to the attorney.  Appellant Allen Rittenhouse purchased that account receivable from the attorney who filed the petition for bankruptcy and sought to collect the debt from Chandlier.

　　On motion of the U.S. Trustee, the bankruptcy court entered an order barring Rittenhouse from collecting "postpetition any unpaid fees for prepetition bankruptcy counseling services . . . ."  The bankruptcy court concluded that the unpaid pre-petition attorney fees were discharged by the bankruptcy

---

[*]The Honorable Adrian G. Duplantier, United States District Judge for the Eastern District of Louisiana, sitting by designation.

judgment. Rittenhouse appealed that order to the district court, which affirmed the order. Rittenhouse appeals the order of the district court.

This appeal presents only an issue of law concerning the interpretation of 11 U.S.C. §523. Therefore, we review the decision of the district court *de novo*. *In Re Sorah*, 163 F.3d 397, 400 (6th Cir. 1998). The issue of whether pre-petition attorney fees are dischargeable in bankruptcy is *res nova* in this circuit. We join three other circuits[1] in concluding that pre-petition attorney fees are dischargeable, and we affirm the order of the district court.

11 U.S.C. §727(b) provides that a discharge under Chapter 7 relieves a debtor of all debts incurred prior to the filing of a petition for bankruptcy, except those nineteen categories of debts specifically enumerated in 11 U.S.C. §523(a). A debt for pre-petition legal services is not one of the non-dischargeable debts enumerated in §523(a).

Appellant contends that unless pre-petition debts for legal services are held to be non-dischargeable, the provisions of 11 U.S.C. §329, governing attorney fees, will conflict with the general discharge provisions of §727(b) and that § 329 is meaningless with respect to Chapter 7 bankruptcies unless pre-petition attorney fees are non-dischargeable.

Section 329 - which applies to Chapter 7 bankruptcies as well as other types of bankruptcies - requires that a debtor's attorney disclose to the court the amount of attorney fees "paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition. . . ." 11 U.S.C. §329(a) (2000). That section also requires the bankruptcy court to evaluate the reasonableness of the fee arrangement. We reject appellant's contention that if pre-petition attorney fees are dischargeable §329 is meaningless; "§329 has *plenty* to do in Chapter 7 cases, even if debts for legal fees are subject to discharge." *Bethea v. Adams & Associates*, 352 F.3d 1125, 1127 (7th Cir. 2003). For example, the judge must ensure reasonableness by recouping prepaid fees which exceed the reasonable value of the legal services. *Id.* Also, the judge must determine the reasonableness of reaffirmed debts for attorney fees. *Id.* Moreover, §329 covers also post-petition attorney fees, which are not dischargeable. Thus, contrary to appellant's contention, §329 is meaningful without a judicial addition of pre-petition attorney fees to the nineteen non-dischargeable exceptions listed in §523(b). We apply the clear language of the bankruptcy statute in affirming the judgment of the district court.

Appellant asserts that if debts created by pre-petition agreements to pay attorney fees are not discharged, the benefits of bankruptcy will not be available to those who need it most, i.e., those who are unable to pay attorney fees in advance of filing.[2] Appellant argues that in order to pay an attorney, the potential bankrupt would have to unjustly withhold payments due to suppliers of necessities, such as public utilities, to the detriment of the general public. Although that argument may have merit, it raises a policy question which is properly addressed to Congress, not to the court. "[T]he judiciary's job is to enforce the law Congress enacted, not to write a different one that judges think superior." *Id.* at 1128

For the foregoing reasons, we affirm the order of the district court.

---

[1] *In re Fickling*, 361 F.3d 172 (2nd Cir. 2004); *Bethea v. Adams & Associates*, 352 F.3d 1125 (7th Cir. 2003); and *In re Biggar*, 110 F.3d 685 (9th Cir. 1997).

[2] The U.S. trustee responds that the multitude of yearly Chapter 7 filings proves the contrary.